IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**HEIDY MOREDA-MARRERO; and MARIO MAGALLON-HIDALGO,**

**Petitioner,**

**v.** **Case No. 2:26-cv-03597-BCL-tmp**

**CHRISTOPHER BULLOCK, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement,**

**Respondent.**

## RESPONSE TO ORDER FOR RESPONSE

Respondent tenders this response to the Court's order directing the Respondent to file a response to the Temporary Restraining Order and to either submit a full response or represent in a filing that he will not remove Petitioner during the pendency of these proceedings.

**1. Notice Regarding Stay of Removal**

The undersign files this notice confirming Respondent will not remove Petitioner from the United States during the pendency of the Petition. The United States otherwise does not agree to the relief requested.

**2. Motion for TRO**

On November 23, 2026, Petitioner was transferred to Adams County Correctional Center in Louisiana. On November 23, 2026, Respondent received Petitioner's Petition and the Court's Order for Response very late in the afternoon. Thus, Respondent – although conceding the Court's

jurisdiction - would argue that the Motion for TRO is moot as the Petitioner was most likely outside of the jurisdiction when Respondent became aware of the Court's Order.

In addition, Petitioner has not demonstrated irreparable harm. Petitioner cites "stress" as one ground of irreparable harm to the Petitioner and his family; although important, Petitioner has not shown how this could constitute "likely irreparable injury with no relief." In addition, Petitioner contends that it would "likely be more difficult" for Petitioner to access counsel, but does not explain how or why, especially in light of the availability of air travel and teleconferencing.

In addition, the habeas petition, which is the underlying action, does not challenge his transfer in a meaningful way; rather, the gravamen of the petition concerns the Petitioner's re-detention, statutory classification, and alleged denial of custody review. "[B]ecause the purpose of preliminary injunctive relief is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits,' the plaintiff 'must necessarily establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint.'" *Nealson v. Owens*, No. 7:23-cv-00445, 2024 WL 1977180, at *1 (W.D. Va. May 3, 2024) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "A temporary restraining order or preliminary injunction 'may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.'" *Id.* (quoting *Omega World Travel v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)); *see also Yovani Infante Munoz v. Trump*, No. 5:25-cv-217-BJB, 2026 WL 688123, at *1–2 (W.D. Ky. Mar. 11, 2026) (denying TRO seeking stay of removal where underlying "petition addresses only the lawfulness of his detention, not his removability").

For the foregoing reasons, the Court should deny the Motion for TRO.

Date: November 24, 2026

Respectfully submitted,

D. Michael Dunavant
UNITED STATES ATTORNEY

By: */s/ Samuel Christian, Jr.*
Samuel Christian, Jr. (TN #26804)
SPECIAL ASSISTANT UNITED STATES ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
WESTERN DISTRICT OF TENNESSEE
167 North Main Street, Suite 800
Memphis, Tennessee 38103
(901) 544-4231
samuel.christian2@usdoj.gov

## CERTIFICATE OF SERVICE

I, Samuel Christian, Jr., Assistant United States Attorney for the Western District of Tennessee, certify that I filed the foregoing via the Court's CM/ECF system and thereby served all counsel of record.

*/s/Samuel Christian,Jr.*
Special Assistant United States Attorney